# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2192 | **DATE** | September 15, 2010 |
| **CASE TITLE** | Jackson vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion (Doc [15]) to dismiss is granted.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## ORDER

This matter comes before the court on the motion of Defendant City of Chicago ("the City") to dismiss Plaintiff Kimyuna Jackson's ("Jackson") complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted.

According to the allegations of the complaint, which we must accept as true for purposes of this motion, *Warth v. Seldin*, 422 U.S. 490, 501 (1975), on August 28, 2007, Jackson was assaulted by an off-duty Chicago police officer working as a security guard at a McDonald's restaurant in Chicago, Illinois. Jackson was exiting the franchise when the security guard grabbed her by the arm and attempted to confine her in the restaurant. Jackson retreated into the restaurant but eventually managed to leave the premises. Later that day, Jackson called the restaurant to report the incident and was told to return the following day. On August 30, 2007, Jackson went back to the McDonald's where she recounted the events to the shift manager, Hasahalla E. Gibbs ("Gibbs"). The manager called the security guard over to discuss the incident but they both remained on the other side of the fast-food place. Feeling threatened by the guard's presence in the McDonald's, Jackson decided to call the police. Two unidentified police officers (one female, one male) arrived, handcuffed Jackson, and placed her in a squad car. After hearing the security guard's version of the events, the police officers charged Jackson with criminal trespass and set off for the police station with the arrestee. At some point on the way to the station, the officers exited the car, filled out some paperwork, and decided to bring Jackson back to her home.

On March 18, 2009, Jackson filed suit in federal court (the "2009 Complaint") against the City and the two unidentified police officers. Jackson asserted claims under 42 U.S.C. § 1983 alleging that the two unidentified police officers had violated her Fourth Amendment right to be free from unreasonable seizure by placing her under arrest without probable cause. Jackson also asserted respondeat superior and indemnity claims against the City under Illinois law. On May 6, 2009, Jackson settled her claims against the City. Both parties filed

# ORDER

a stipulation to dismiss with prejudice Jackson's claims against the City. Pursuant to the parties' Settlement Agreement, the district court entered an Agreed Order of Dismissal on May 7, 2009, incorporating the terms of the Agreement and dismissing all of Jackson's claims against the City with prejudice.

On January 13, 2010, Jackson went to a Chicago Police Department station house to file a complaint against Gibbs for instigating Jackson's arrest at the McDonald's restaurant on August 30, 2007. When she arrived at the station, the officer on duty did not allow her to file the complaint. On April 9, 2010, Jackson, acting pro se, filed the instant suit (the "2010 Complaint") against the City alleging that her constitutional rights were violated when the unidentified police officer refused to accept her complaint against Gibbs. The City now moves to dismiss Jackson's complaint for failure to state a claim upon which relief may be granted.

The City argues that Jackson's claim should be dismissed because the Settlement Agreement bars Jackson's 2010 Complaint under res judicata principles.

The proper procedure for addressing an affirmative defense such as res judicata is for the defendant to raise it in his answer and then move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *Carr v. Tillery,* 591 F.3d 909, 913 (7th Cir. 2010). However, rather than requesting that the City resubmit its motion, we elect to treat the instant motion as a motion for judgment on the pleadings.

Courts assess the merits of a Rule 12(c) motion using the same standards as those controlling a motion under Rule 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir.1991). Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. Fed. R. Civ. P. 12(c). A party is entitled to judgment on the pleadings "when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved[.]" *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In deciding a motion for judgment on the pleadings, a court construes the facts alleged in the complaint in the light most favorable to the non-moving party. *R.J. Corman Derailment Servs., L.L.C. v. Int'l Union, Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). A court may also take judicial notice of matters of public record when deciding a motion for judgment on the pleadings. *Wood*, 925 F.2d at 1582.

The City contends that Jackson's 2010 Complaint should be dismissed because the Settlement Agreement bars all claims that arise directly or indirectly from Jackson's arrest on August 30, 2007. By its terms, the Settlement Agreement provides that it is entered into in the State of Illinois and "shall be construed and interpreted in accordance with its laws." Our construction of the Agreement is therefore governed by the laws of Illinois. In Illinois, "a release is a contract subject to traditional rules of contract interpretation." *People ex. rel. Devine v. Time Consumer Marketing, Inc.*, 782 N.E.2d 761 (Ill. App. 2002). "Illinois follows the 'four corners rule' for contract interpretation," which requires us to look to the contract itself to determine the parties' intentions. *Clarendon America Ins. co. v. 69 W. Washington Management LLC*, 870 N.E.2d 978, 984 (Ill. App. 2007). In the terms of the release executed in conjunction with the Settlement Agreement, Jackson:

> "release[d] and forever discharge[d] on behalf of herself and her heirs, executors, administrators and assigns, all claims she had or has against defendant, City of Chicago, and its future, current, or former officers, agents and employees, including but not limited to all claims she had, has or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants."

| ORDER |
|---|

    The claims Jackson asserts against the City in the 2010 Complaint arise directly from the arrest that formed the basis of her previous 2009 Complaint against the City. Jackson's argument that the Settlement Agreement only protects the officers involved in the false arrest claim has no support in the text of the Agreement. On May 7, 2009, the District Court recognized the Settlement Agreement within the text of the order dismissing Jackson's claims with prejudice, which is deemed to be a final judgement on the merits for purposes of res judicata, *Esquire, Inc., v. Varga Enterprises*, 185 F.2d 14, 17 (7th Cir. 1950). We conclude that Jackson is barred from maintaining another action on the same claim. The motion to dismiss is granted.

Dated:  September 15, 2010

                                                **CHARLES P. KOCORAS**
                                              **U.S. District Court Judge**